Monell, J.
(dissenting.) The only material issue in this case to which the evidence before the referee was directed, and upon which he has disposed of the case against the plaintiff, was, whether the contract between the parties was such as was alleged in the complaint, or such as was stated in the answer.
Upon such evidence the referee has found that the defendants did not enter into a co-partnership agreement of the terms or to the effect claimed by the plaintiff, but that the agreement was such as was claimed by the defendants. The plaintiff’s proof of the agreement consisted of the testimony of Griffith, who testified it was such as was alleged in the complaint. The defendants’ evidence was the testimony of both. They denied the making of any other agreement than such as they had set forth in their answer. The respective statements of Griffith and the defendants are not merely contradictory and conflicting, but they are completely opposed to each other. Much of the testimony, both upon the direct and cross-examination of the witnesses, seems to have been drawn out with the view of testing the recollection, or the animus, feeling or intent of the witness and thereby affecting his credibility. Such facts as relate to the agreement, are brief, clearly stated, and embrace a small part only of the entire evidence.
The precise terms of the agreement were, therefore, to be determined from the evidence. If it was found to be such as the defendants alleged it to be, then it became necessary further to find, that the representations were untrue and known by Griffith to be false.
The decision of a referee' upon a disputed fact, is in all respects like the verdict of a jury; and the principle, so long and so well settled, that a finding either way upon conflicting evidence, will not be disturbed (ad questiones facti non respondent judices ; ad questiones legis non respondent juratores) is as applicable to the one as the other form of trial.- (Bearss v. Copley, 10 N. Y. Rep. 93. Woodruff v. McGrath, 32 id. 255.)
The referee has found that the contract alleged in the complaint was not made. Had he stopped there, a dismissal of *400 the complaint would necessarily have followed, because of a failure of proof. And such I understand to be his meaning when he says in his opinion, that the burden of proof was on the plaintiff. He did not mean, that in finding, as he did further find, that the contract was of the • nature set up in the answer, that the burden of disproving such contract was on the plaintiff; but he meant merely, that the burden of proof was on the plaintiff to establish the contract upon which he had sued, and on which he relied to recover, and that failing to establish such a contract, he could not succeed.
It was not denied, that if the representations, testified by the defendants to have been made by Griffith and relied on by them, were not true ; nor was it contended that if made, they would not render the contract void. The evidence on the part of the defendants was chiefly directed to sustaining their allegation, that such representations were made ; and the referee concludes his opinion by saying, that the evidence “ brings me to the conclusion that no such contract was made as the complaint states, but that it was such as is stated in the finding of fact.”
It seems to me to be quite clear that such finding was intended to be upon the whole evidence, and covered all the issues raised by the pleadings. In finding against the plaintiff’s ■contract, the referee assumes the burden of proof was on the plaintiff; but there is no such assumption in the finding in favor of the representations. Upon that issue, he has found, upon all the evidence that the representations were made, and in so finding, must necessarily have placed the burden of proving them on the defendants.
It was an affirmative issue, and required affirmative and preponderating proof, and the referee could not have sustained it, except under the conviction that it was affirmatively proved. Otherwise his finding would have been that the plaintiff had failed to disprove it.
This case seems to have been examined with great care.
In his opinion, the referee has reviewed the evidence, and reconciled such contradictions as may have existed; and upon *401 a careful scrutiny of each, fact and circumstance, giving weight to the one side, or affecting the credibility of witnesses on the other, he has come to the deliberate conclusion that the plaintiff has failed to establish a cause of action.
To disturb such a result would violate the well settled principle to which I have referred. The tribunal whose function it was to hear and determine the issue the parties had made, was more competent to decide where credit should be given, than any appellate court, whose office is to look merely at testimony on paper.
In support of the judgment, the defendants have insisted, that independently of the finding of the referee that the contract was fraudulently made, such contract was also void, as being against public policy. I have not, however, found it necessary to examine that question. The fraudulent representations which induced the making of the agreement, rendered it null, and no recovery could be had upon it. That is a sufficient reason for upholding the judgment.
I am in favor of affirming the judgment, with costs.